**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TRUSTEES OF THE HEATING, PIPING     :
AND REFRIGERATION PENSION FUND
9411 Philadelphia Road, Suite S     :
Baltimore, MD  21237,     :
    :
TRUSTEES OF THE HEATING, PIPING     :
AND REFRIGERATION MEDICAL FUND
9411 Philadelphia Road, Suite S     :
Baltimore, MD  21237,     :
    :
TRUSTEES OF THE HEATING, PIPING     :
AND REFRIGERATION TRAINING FUND
9411 Philadelphia Road, Suite S     :
Baltimore, MD  21237,     :
    :
M. EDDIE MOORE SCHOLARSHIP     :
TRUST FUND     :     **C O M P L A I N T**
9411 Philadelphia Road, Suite S     :
Baltimore, MD  21237,     :
    :
TRUSTEES OF THE INDUSTRY PROMOTION     :
FUND     :
9411 Philadelphia Road, Suite S     :
Baltimore, MD  21237,     :
    :
TRUSTEES OF THE LOCAL 602     :
COMMUNICATIONS AND PRODUCTIVITY     :
FUND     :
9411 Philadelphia Road, Suite S     :
Baltimore, MD  21237,     :
    :
TRUSTEES OF THE STEAMFITTERS     :
LOCAL 602 RETIREMENT SAVINGS FUND     :
9411 Philadelphia Road, Suite S     :
Baltimore, MD  21237,     :
    :
TRUSTEES OF THE INTERNATIONAL     :
TRAINING FUND,     :
103 Oronoco Street     :
Alexandria, Virginia  22314,     :
    :
       and     :
    :

and                                                       :

STEAMFITTERS LOCAL UNION NO. 602          :     .
8700 Ashwood Drive, Second Floor                   :
Capitol Heights, Maryland 20743,                      :

                          Plaintiffs,                           :

              v.                                                 :

POWERMAX, INC.,                                       :
8510 Muscatello Court                                     :
Gaithersburg, MD 20877                                 :

Serve:  Edward A. Bloom, Esq.                     :
           6817 Massena Ct                               :
           Bethesda, MD 20817                          :

                          Defendant.                        :

## C O M P L A I N T

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENTS; TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF SETTLEMENT AGREEMENT AND FOR A CONFESSED JUDGMENT)

### PARTIES

1.      The Heating, Piping and Refrigeration Pension Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237.  The Pension Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      The Heating, Piping and Refrigeration Medical Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement

Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Medical Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Medical Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237. The Medical Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.       The Heating, Piping and Refrigeration Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Training Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Training Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237. The Training Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.       The M. Eddie Moore Scholarship Trust Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Scholarship Trust Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Training Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237. The Scholarship Trust Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

5.       The Steamfitters Local 602 Retirement Savings Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Retirement Savings Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Retirement Savings Fund is administered at 9411

Philadelphia Road, Suite S, Baltimore, Maryland 21237. The Retirement Savings Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.     The International Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(3) and (37). The International Training Fund is established and maintained by a Restated Trust Agreement. The International Training Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314. The International Training Fund Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

7.     The Industry Promotion Fund is a trust fund established and maintained according to the provisions of its Trust Document. The Industry Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237.

8.     The Communications and Productivity Fund is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Communications Fund is established and maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Communications Fund is administered at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237.

9.     Steamfitters Local Union No. 602 is an unincorporated labor organization, as that term is defined in § 2(5) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 152(5). Steamfitters Local Union No. 602 maintains an office at 8700 Ashwood Drive, Second Floor, Capitol Heights, Maryland 20743.

10.     PowerMax, Inc,. is a Maryland corporation existing under Maryland State laws with an office located at 8510 Muscatello Court, Bethesda, Maryland  20877.

11.     PowerMax, Inc. transacts business in the District of Columbia and the Washington, D.C. metropolitan area as a contractor or subcontractor in the pipefitting and steamfitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

12.     PowerMax, Inc. is bound to the terms of the Collective Bargaining Agreements requiring the payment of contributions, dues and other amounts to Plaintiffs.

**JURISDICTION**

13.     This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, under Section 301 of the LMRA, 29 U.S.C. § 185(a), and supplemental jurisdiction for state law claims under 28 U.S.C. Section 1367(a).  This is an action for breach of collective bargaining agreements between an employer and a labor organization representing employees in an industry affecting commerce, to collect contributions due to employee benefit plans under the terms of the collective bargaining agreements, for breach of a settlement agreement and for the entry of a confessed judgment.

14.     Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which Plaintiffs are located.

15.     This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS)

16.     The Benefit Fund Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 15 as if fully set forth in Count I.

17.     Pursuant to its Collective Bargaining Agreements, PowerMax, Inc. agreed to pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by PowerMax, Inc.'s employees covered by the Collective Bargaining Agreements.

18.     PowerMax, Inc. employed certain employees covered by the Collective Bargaining Agreements, but failed to pay the amounts when due to the Benefit Funds, as required by the Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust, for the months of November 2013 through February 2014.

19.     The Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

20.     The Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees, audit fees and court costs.

## COUNT II

### (WORKING ASSESSMENTS AND OTHER AMOUNTS DUE)

21.     Plaintiffs Steamfitters Local Union No. 602, the Communication & Productivity Fund, and the Industry Promotion Fund hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth in Count II.

22.     The Defendant employed certain employees covered by the Collective Bargaining Agreements who authorized working assessment/dues deduction.  The Defendant failed to forward working assessments on behalf of employees to Steamfitters Local Union No. 602 for the months of November 2013 through February 2014 as required by the Collective Bargaining Agreements.

23.     Pursuant to its Collective Bargaining Agreements, PowerMax, Inc. agreed to pay to the Communications & Productivity Fund and Industry Promotion Fund certain sums of money for each hour worked by employees of PowerMax, Inc. covered by the Collective Bargaining Agreements.

24.     PowerMax, Inc. employed certain employees covered by the Collective Bargaining Agreements, but failed to pay the amounts due to the Communications & Productivity Fund and Industry Promotion Fund for work performed in the months of November 2013 through February 2014.

### COUNT III
**(ENTRY OF CONFESSED JUDGMENT)**

25.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 24 as if fully set forth in Count III.

26.     Attached to this Complaint as Exhibit A is a true and accurate copy of an Affidavit of Confession of Judgment executed on behalf of PowerMax, Inc..

27.     Timothy E. Murray knowingly executed the Confession of Judgment, and is of sufficient age and education to understand its terms as provided in the second paragraph of the Affidavit for Confession of Judgment.

28.     The Affidavit of Confession of Judgment was executed by Timothy E. Murray as part of the terms of a comprehensive Settlement Agreement entered into on April 15, 2013.

29.     PowerMax, Inc. made a voluntary, knowing and intelligent waiver of the right to notice and a prejudgment hearing on the merits of the Benefit Funds' claims as provided in the second paragraph of the Affidavit for Confession of Judgment.

30.     PowerMax, Inc. is in default of the terms of the Settlement Agreement referred to in the Affidavit for Confession of Judgment.  PowerMax, Inc. failed to make the full payments due in January and February 2014 as required under the terms of the Settlement Agreement.

31.     PowerMax, Inc. is in default of the terms of the Settlement Agreement referred to in the Affidavit for Confession of Judgment.  PowerMax, Inc. failed to make the regular monthly contributions payments due from November 2013 through February 2014 on time as required under the terms of the Settlement Agreement.

32.     A Judgment in the amount of $244,354.06, less any amounts paid at the time of judgment, is appropriately entered against PowerMax, Inc. as provided by the terms of the Affidavit for Confession of Judgment.

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendant as follows:

A.     That the Court find Defendant liable in the amount of contributions and other amounts owed under the Collective Bargaining Agreements to the Plaintiffs for work performed in November 2013 through February 2014.

B.     That the Court find Defendant liable to the Plaintiffs in the amount of liquidated damages and interest owed on all late and unpaid amounts from the date due through the date of payment, plus costs, and reasonable attorneys' fees.

C.     For a Judgment against the Defendant in the amount of $463,933.79 less any amounts paid at the time of judgment.

D.     For such further relief as the Court may deem appropriate.

Respectfully submitted,

Dated: March __, 2014                     By: _____

R. Richard Hopp (Bar No. 07363)
O'DONOGHUE & O'DONOGHUE LLP
4748 Wisconsin Ave., N.W.
Washington, D.C.  20016
rhopp@odonoghuelaw.com
Telephone No.: (202) 362-0041
Facsimile No.:  (202) 362-2640
*Attorneys for Plaintiffs*

242541_1

### AFFIDAVIT FOR
### CONFESSION OF JUDGMENT

I, Timothy E. Murray, President of PowerMax, Inc., on behalf of PowerMax, Inc., being duly sworn hereby state as follows under penalty of perjury:

I am over the age of 18. I graduated from high school and thereafter I completed five years of education at the Mechanical Trade School. I am making a voluntary, knowing and intelligent waiver of PowerMax, Inc.'s right to notice and a prejudgment hearing on the merits of the Heating Piping and Refrigeration Benefit Funds' claim for damages against PowerMax, Inc. I have the authority to execute this document on behalf of PowerMax, Inc.

For value received and in consideration of the mutual promises set forth in the Settlement Agreement and Release, PowerMax, Inc., acknowledges that it owes the sum of $463,933.79 to the Heating Piping and Refrigeration Benefit Funds. This amount is justly due to the Heating Piping and Refrigeration Benefit Funds pursuant to the terms of the Collective Bargaining Agreements and the Heating Piping and Refrigeration Benefit Funds' Trust Agreements for the period of January 2010 through February 2013.

In the event of default by PowerMax, Inc. of any obligation in the Settlement Agreement and Release, time being of the essence, the holder of this Confession of Judgment, at his option, may, without presentment, protest, notice or demand, declare the entire principal indebtedness sum of $463,933.79 then unpaid, together with any accrued and unpaid interest thereon, immediately due and payable by PowerMax, Inc. and obtain a final judgment against PowerMax, Inc. by any court.

PowerMax, Inc. hereby authorizes any attorney at law to appear on its behalf in any court of record including the United States District Court for the State of Maryland, file this Affidavit, and confess a judgment against PowerMax, Inc. in favor of the holder for the full amount then due, plus costs of suit and attorneys' fees, and to release all errors and waive all right of appeal. Upon such



PLAINTIFF'S
EXHIBIT

4

confession, PowerMax, Inc. agrees that a judgment is properly entered against it by any court, including the United States District Court for the District of Maryland.

The mailing address to effect mail delivery upon PowerMax, Inc. is 8510 Muscatello Court, Gaithersburg, Maryland 20877.

Dated: April 12, 2013

_____
Timothy B. Murray, President on behalf of
PowerMax, Inc.

Sworn to and subscribed before me
this 15ᵗʰ day APRIL, 2013.

_____
NOTARY PUBLIC
My Commission Expires: 01/15/17

> JUSTIN ANTHONY DEDE
> Notary Public-Maryland
> Montgomery County
> My Commission Expires
> January 15, 2017

Approved as to form:

_____
Lawrence Prosen
Thompson Hine LLP
Attorney for PowerMax, Inc.

230195_1

2